Curia, per Wardlaw, J.
The motion for non-suit assumes, that the agreement, in its nature, could not have been fully executed by the plaintiff before the expiration of two years, and, therefore, contends that it is within the fourth section of the sta-tuté of frauds. But the defendant, on his part, had fully executed it by the delivery of the boy George, subject only to the stipulated condition under which it might have been rescinded after two or three months trial by George. The section of the Statute which is relied on, extends only to cases where, by the appointment or understanding of the parties, there is not to be complete performance on either side within a year. Where the contract is executed by one of the parties, or is intended to be so, within the year, the statute does net anply, although there may be some acts to be done by the other party, beyond the limit of a *17 year. Donellan vs. Read, 3 B. and Ad. 899; Bates vs. Moore, 2 Bail. 614.
The report sufficiently answers the grounds for new trial. The jury, under the instructions given, have, in effect, decided that the defendant had not, under the condition, which was vaguely proved, an absolute right of recision at pleasure within three months, and that by selling George he has unjustifiably anticipated the existence of dissatisfaction, which the plaintiff says would not have existed at the prescribed period.
The jury were authorized to estimate the damages according to the evidence. The defendant contends that, as the plaintiff was only to pay $140, and has paid nothing, he cannot have sustained any loss. The same course of reasoning would establish that no damages can ever be recovered against a party who refuses to perform his agreement, where the other party has not done, and is not yet bound to do, what is stipulated on his part; or that every agreement to sell and deliver may be violated at pleasure; or even that by refunding the price and interest, a party selling may rescind a contract of sale already executed.
The motions are dismissed.
Evans, Frost, Withers and Whitner, JJ. concurred.
O’Neall, J. absent at the argument.

Motions dismissed.